_Natalie M. Cox_ (signature)

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
October 03, 2024

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>AFFINITYLIFESTYLES.COM, INC.,<br>REAL WATER, INC., and REAL WATER<br>OF TENNESSEE, LLC,<br><br>        Debtors. | Case Nos.: 21-14099-nmc<br>             21-14101-nmc<br>             21-14102-nmc<br><br>Chapter 7 |

**ORDER DENYING MOTIONS TO APPROVE COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 [ECF NOS. 374, 377 AND 455]**

This matter came before the Court on Ryan A. Anderson, Chapter 7 Trustee's (the "Trustee") *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 374] (the "Great American Settlement Motion"); *Trustee's Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 377] (the "National Settlement Motion"); and *Trustee's Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 455] (the "Sentinel Settlement Motion") (collectively the "Settlement Motions").

On January 17, 2024, the Court held a hearing on the Great American Settlement Motion and the National Settlement Motion (**ECF Nos. 374 and 377**). Appearances were noted on the record.

On March 26, 2024, the Court held a hearing on the Sentinel Settlement Motion. (**ECF No. 455**). Appearances were noted on the record.

1

This Court, after reviewing and considering the Settlement Motions, *National Union Fire Insurance Company of Pittsburgh, PA's Joinder to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 389]; *Great American E&S Insurance Company's Joinder to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 394]); *Personal Injury Claimants' Omnibus Opposition to: (1) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019; (2) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019; and (3) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 377] and Adv. Case No. 23-01082 at [ECF No. 81] (the "Omnibus Opposition"); *Objection of United Natural Foods West, Inc. and United Natural Foods, Inc. To The Chapter 7 Trustee's Motion To Approve Compromise Pursuant To Federal Rule Of Bankruptcy Procedure 9019*, as amended [ECF Nos. 403-405; 416-418][1]; *Joinder in Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure* [ECF No. 407]; *Joinder in Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 408]; *Joinder in Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure* [ECF No. 409]; *Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 410]; *Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 411]; *Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 412]; *Joinder in Personal Injury Plaintiffs' Omnibus Opposition to: (1) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019, (2) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019, (3) Motion to Approve Compromise Pursuant to Federal Rule of*

---

[1] The UNFI Objection was subsequently withdrawn.  *See* [ECF No. 473].

*Bankruptcy Procedure 9019* [ECF No. 413]; *Joinder to Omnibus Opposition to: (1) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019, (2) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019, (3) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 415]; *Omnibus Joinder to Objections of United States Natural Foods West, Inc. and United Natural Foods, Inc. to Motions to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 422]; Trustee's *Omnibus Reply to Omnibus Opposition to: (1) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019; (2) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019; and (3) Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 424] and Adv. Case No. 23-01082 at [ECF No. 85] (the "<u>Omnibus Reply</u>"); *Omnibus Reply to the Oppositions to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 425]; *Reply to Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 426]; *Omnibus Reply to the Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 427]; Personal Injury Plaintiffs' *Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 460] (the "<u>Sentinel Opposition</u>" and with the Omnibus Opposition, the "<u>Oppositions</u>"); *Opposition to the Chapter 7 Trustee's Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 462]; *Sentinel Insurance Company, Limited's Joinder to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 464] ; *Joinder in Personal Injury Plaintiffs' Opposition to Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 465]; *Reply to Opposition to Motion To Approve Compromise Pursuant To Federal Rule Of Bankruptcy Procedure 9019* [ECF No. 468]; and *Reply to Opposition to the Chapter 7 Trustee's Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 469]; *Notice of Supplemental Authority*

3

[ECF No. 82];  and all attendant declarations relating to any of the foregoing, and having heard and considered the argument of counsel; good cause appearing therefor; this Court hereby finds and concludes that it lacks subject matter jurisdiction to decide the Settlement Motions.

Bankruptcy jurisdiction is defined by 28 U.S.C. § 1334.[2]  Section 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).[3]  Under 28 U.S.C. § 1334(e)(1), the bankruptcy court also has exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."  In re Todd, 2015 WL 1544585, at *7 (B.A.P. 9th Cir. Apr. 7, 2015). !Bankruptcy courts do not, however, " . . . have [] jurisdiction over proceedings that have no effect on the estate of the debtor."  Id. (citing Celotex Corp. v. Edwards, 514 U.S. 300, 308 & n. 6 (1995)).[4]  Here, the proposed settlements would have no effect on this administratively insolvent chapter 7 estate as there are no debtor or estate assets for the pertinent insurance policies to protect, and the

---

[2] The Oppositions include arguments challenging the Court's jurisdiction to rule on the Settlement Motions.  This Court agrees that it lacks Subject Matter Jurisdiction though for reasons different from those argued in the Oppositions as explained herein.

[3] In the District of Nevada, the jurisdiction vested in the district court is referred to the bankruptcy court pursuant to 28 U.S.C. § 157.  See LR1001(b)(1).

[4] The Oppositions confuse the Court's subject matter jurisdiction with its power to enter a final order.  Unlike Section 1334(b), Section 157 is not jurisdictional.  See Stern v. Marshall, 564 U.S. 462, 480, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) ("[s]ection 157 allocates the authority to enter final judgment between the bankruptcy court and the district court... . That allocation does not implicate questions of subject matter jurisdiction.") (internal citation omitted); In re Point Ctr. Fin., Inc., 957 F.3d 990, 998 (9th Cir. 2020) (internal citations omitted) ("Section 157(b) clearly 'is not the source of the bankruptcy court's jurisdiction,' and it 'applies only if there is jurisdiction in the first place under 28 U.S.C. § 1334.'").  Consequently, whether the Court lacks jurisdiction to decide the settlement motions if the motions involve matters which are non-core is not a question of jurisdiction but instead a question of the Court's authority to enter a final order.

4

proceeds of the policies which the settlement proposes to be distributed by the trustee pursuant to 11 U.S.C. § 726 are not property of the estate.[5]  See Id. at *9.  Accordingly, the Court lacks jurisdiction to rule on the Settlement Motions.

      Therefore, for these reasons and the reasons argued in the Oppositions,

      IT IS HEREBY ORDERED that the Settlement Motions [ECF NOS. 374, 377 AND 455] are **DENIED**;

      IT IS SO ORDERED.

Copy sent via CM/ECF ELECTRONIC FILING

Copy sent via BNC to mailing matrix


# # #

_____

[5] As thoroughly shown in the Oppositions.